1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   PHILLIP DEWITT,

8                        Plaintiff,        NO:  13-CV-3025-FVS

9        v.                                ORDER GRANTING PLAINTIFF'S
                                           MOTION FOR SUMMARY
10  CAROLYN W. COLVIN,                     JUDGMENT AND DENYING
                                           DEFENDANT'S MOTION FOR
11                       Defendant.        SUMMARY JUDGMENT

12        BEFORE THE COURT are the parties' cross motions for summary

13  judgment. ECF Nos. 15 and 16.  This matter was submitted for consideration

14  without oral argument.  Plaintiff was represented by Cory J. Brandt. Defendant was

15  represented by Christopher J. Brackett.  The Court has reviewed the administrative

16  record and the parties' completed briefing and is fully informed. For the reasons

17  discussed below, the Court grants Plaintiff's Motion for Summary Judgment and

18  denies Defendant's Motion for Summary Judgment.

19                        **JURISDICTION**

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1    Plaintiff Phillip F. DeWitt protectively filed for disability insurance benefits

2    and supplemental security income ("SSI") on January 16, 2009. Tr. 142-47. In both

3    applications, Plaintiff initially alleged an onset date of May 1, 2004, but at the

4    hearing Plaintiff amended the alleged onset date to March 1, 2006. Tr. 74-75.

5    Benefits were denied initially and upon reconsideration. Tr. 91-97, 84-88. Plaintiff

6    requested a hearing before an administrative law judge ("ALJ"), which was held

7    before ALJ James W. Sherry on October 26, 2011. Tr. 41-76. Plaintiff was

8    represented by counsel and testified at the hearing. Tr. 46-62. Vocational expert

9    Debra LaPoint also testified. Tr. 62-73. The ALJ denied benefits (Tr. 16-34) and

10    the Appeals Council denied review. Tr. 1. The matter is now before this court

11    pursuant to 42 U.S.C. § 405(g).

12                          **STATEMENT OF FACTS**

13        The facts of the case are set forth in the administrative hearing and

14    transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

15    and will therefore only be summarized here.

16        Plaintiff was 37 years old at the time of the hearing. Tr. 46. He completed

17    twelfth grade education and one year of college. Tr. 47. He completed a basic

18    computing course in 1999-2000. Tr. 48. He served in the Navy from 1995-1988

19    and was honorably discharged. Tr. 48. He receives military disability for a cyst

20    removed from his hand, and has limitations in his hand and groin. Tr. 49. He

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

received two months of unemployment in 2011. Tr. 49-50. From February 2009 through June 2010 he worked part-time doing payroll work for Wells Accounting Services. Tr. 50-52. In 1996 and 1997 he was in the Navy where he did jobs including sweeping floors and painting. Tr. 53. While in prison he performed various jobs, including: warehouse work, cleaning showers, laundry, working in the kitchen, and mowing lawns. Tr. 53-54. Plaintiff testified that he had difficulties performing these jobs due to impairments such as an inability to concentrate, arguing with the other employees and staff, and not getting along with "anyone." Tr. 53.  Doctors have been treating him for bipolar disorder, OCD, PTSD, major depression, and voices. Tr. 54. Plaintiff has been treated with medication and therapy, but testified that the medication is not helpful. Tr. 54-55.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a

preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

1  "of such severity that he is not only unable to do his previous work[,] but cannot,

2  considering his age, education, and work experience, engage in any other kind of

3  substantial gainful work which exists in the national economy." 42 U.S.C. §

4  1382c(a)(3)(B).

5       The Commissioner has established a five-step sequential analysis to

6  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

7  404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

8  considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

9  416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

10  Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

11  404.1520(b); 416.920(b).

12       If the claimant is not engaged in substantial gainful activities, the analysis

13  proceeds to step two. At this step, the Commissioner considers the severity of the

14  claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

15  claimant suffers from "any impairment or combination of impairments which

16  significantly limits [his or her] physical or mental ability to do basic work

17  activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

18  416.920(c). If the claimant's impairment does not satisfy this severity threshold,

19  however, the Commissioner must find that the claimant is not disabled. *Id.*

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

### ALJ'S FINDINGS

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2006. At step one, the ALJ found Plaintiff did engage in substantial gainful activity from February 2009 to February 2010. Tr. 21. However, because there has been a continuous 12-month period during which

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

the Plaintiff did not engage in substantial gainful activity, the ALJ proceeded to the next step in the evaluation. Tr. 21-22. At step two, the ALJ found Plaintiff has the following severe impairments: major depressive disorder; post-traumatic stress disorder; obsessive compulsive disorder; alcohol and polysubstance abuse, in remission; and anti-social and schizoid personality traits. Tr. 22. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 22. The ALJ then determined Plaintiff has the following RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple, routine and repetitive tasks, as well as some well learned detailed tasks. The claimant's pace would be slow intermittently. The claimant would need additional time to adapt to routine changes. The claimant would work best when away from the general public, and he should not have any interaction with children or disadvantaged adults. The claimant can have superficial contact with co-workers and supervisors, and he should not work in close cooperation with them.

Tr. 24. At step four, the ALJ found Plaintiff is capable of past relevant work as a seaman, bundle tier, and payroll clerk. Tr. 29. Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since May 1, 2004 through the date of his decision. Tr. 29.

## ISSUES

1    The question is whether the ALJ's decision is supported by substantial

2    evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in

3    improperly rejecting the opinions of the Plaintiff's treating and examining medical

4    providers; (2) the ALJ erred in improperly rejecting the claimant's testimony; and

5    (3) the ALJ erred in failing to conduct an adequate step four analysis. ECF No. 15

6    at 12-20. Defendant argues: (1) the ALJ properly weighed the medical evidence of

7    record when determining Plaintiff's RFC; (2) the ALJ articulated well-supported

8    reasons for finding Plaintiff's subjective allegations not credible; and (3)

9    substantial evidence supports the ALJ's step four finding because Plaintiff's RFC

10   allowed him to perform his past relevant work. ECF No. 16 at 4-18.

## DISCUSSION

**A. Medical Opinions**

13       There are three types of physicians: "(1) those who treat the claimant

14   (treating physicians); (2) those who examine but do not treat the claimant

15   (examining physicians); and (3) those who neither examine nor treat the claimant

16   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

17   *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

18   Generally, a treating physician's opinion carries more weight than an examining

19   physician's, and an examining physician's opinion carries more weight than a

20   reviewing physician's. *Id.*  If a treating or examining physician's opinion is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009)(quotation and citation omitted). Additionally, courts have recognized conflicting medical evidence, the absence of regular medical treatment during the period of disability, and the lack of medical support for doctors' reports based substantially on the claimant's subjective complaints of pain as specific and legitimate reasons to reject a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs*., 44 F.3d 1453, 1463-64 (9th Cir. 1995). Plaintiff contends that the ALJ improperly rejected the opinions of his medical providers, including: Mark Cross, PhD, Aaron Anderson, DO, and mental health counselor Carson Carter. ECF No. 15 at 12-20.

    1. <u>Dr. Cross</u>

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    Dr. Cross first examined Plaintiff in February 2009, but did not provide any

2    work related limitations. Tr. 322. In September 2010, he submitted a letter stating

3    that claimant "demonstrate[d] moderate to marked impairment in social judgment

4    and decision making when under pressure/stress." Tr. 426-23.  Dr. Cross also

5    completed a mental medical source statement identifying moderate to marked

6    limitations in areas of work functioning including: the ability to carry out detailed

7    instructions; the ability to maintain attention and concentration for extended

8    periods; the ability to perform activities within a schedule, maintain regular

9    attendance and be punctual within customary tolerances; the ability to work in

10   coordination with or proximity to others without being distracted by them; the

11   ability to complete a normal workday and workweek without interruptions from

12   psychologically based symptoms and to perform at a consistent pace without an

13   unreasonable number and length of rest periods.  426-427. In addition, Dr. Cross

14   found marked to severe limitations in all categories of social interaction except the

15   ability to ask simple questions or request assistance. Tr. 427. The ALJ found that

16   Dr. Cross's opinion was

> inconsistent with the routine progress notes, reviewed my Dr. Cross, in
> which the claimant exhibited improved mood, appropriate affect, intact short
> and long-term memory, and cooperative behavior. (Ex. 21F/2) In light of the
> routine progress notes from Central Washington Comprehensive Mental
> Health, very little weight can be given to Dr. Cross's letters and check-the-
> box mental capacity forms.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
11

Tr. 26. Plaintiff argues that the ALJ summarily rejected the opinion of Dr. Cross without providing adequate reasons. ECF No. 15 at 12-14.

When explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion, rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

In support of his rejection of Dr. Cross' opinion regarding Plaintiff's limitations, the ALJ cited a single record in which nurse practitioner Lauren Akers noted Plaintiff exhibited improved mood, intact short and long term memory, and cooperative behavior. Tr. 431. The ALJ then cited generally to over 100 pages of medical records, presumably to support his finding that the "routine progress notes" from Central Washington Comprehensive Mental Health were inconsistent with Dr. Cross' opinion. Tr. 426-532. However, while these records reveal sporadic improvement in Plaintiff's symptoms, they also contain ample evidence that supports Dr. Cross's opinion, including: violent outbursts, explosive anger, superior attitude to others, anger, irritability, anxiety, problems concentrating, and troubles with sleep. Tr. 435-36, 438, 440, 453, 459, 471, 478-79. Thus, the ALJ dismissed Dr. Cross' opinion without providing a detailed and thorough summary

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    of the facts and conflicting evidence. For this reason, the ALJ failed to meet his

2    burden to provide specific and legitimate reasons, supported by substantial

3    evidence, for giving very little weight to the opinion of Dr. Cross.

4        2. Dr. Anderson

5        In June 2011, Dr. Anderson opined in a medical report that Plaintiff was

6    "currently off all meds – not stable for work," and that this limitation had existed

7    since January 2004. Tr. 425. The ALJ found that

8        Dr. Anderson's opinion is inconsistent, however, with the unguarded and
     objective treatment notes from this period. In fact, the claimant told treating
9        nurse practitioner, Kathleen Mack, ARNP, that he "started his medications
     back in June" (Ex. 22F/2). The claimant told Ms. Mack that he believed that
10       his antidepressant medication was working, and he agreed to try additional
     psychotropic medications. Due to these notable inconsistencies, very little
11       weight can be given to Dr. Anderson's opinion.

12   Tr. 27-28. Plaintiff again argues that the ALJ rejected Dr. Anderson's opinion

13   without providing adequate reasons.

14       The ALJ appears to dismiss Dr. Anderson's opinion based solely on an

15   alleged discrepancy as to whether Plaintiff was taking medication in June of 2011.

16   Plaintiff reported to Ms. Mack that he began taking his medication sometime "in

17   June," but it is conceivable that Plaintiff began taking his medication again *after*

18   Dr. Anderson's report in June 2011. Moreover, the ALJ's reasoning for rejecting

19   the opinion of Dr. Anderson omitted pertinent statements by Plaintiff to Ms. Mack

20   regarding the efficacy of his medication. Rather than simply stating that his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
13

1   antidepressant medication was working, as indicated by the ALJ, the Plaintiff

2   actually revealed that "he does not believe [his medications] are working for him

3   although he qualifies this to state that his antidepressant seems to be working but

4   nothing else does." Tr. 485. For these reasons, the court finds this reason for

5   rejecting Dr. Anderson's opinion, particularly as Plaintiff's treating physician, is

6   not specific and legitimate, nor is it supported by substantial evidence.

7       3.  Carson Carter

8       In November 2008, Plaintiff was evaluated by therapist Carson Carter. Tr.

9   242-45. Mr. Carter opined that Plaintiff's "usual baseline behavior and his 'in

10  house jobs' indicate he can complete tasks and do routine work," and "[h]is ability

11  to perform is enhanced by taking his medication." Tr. 244. In addition, Mr. Carter

12  noted that Plaintiff was cooperative, came to treatment, and took medication. Tr.

13  245. The ALJ gave "little weight and consideration" to Mr. Carter's opinion due to

14  "notable internal inconsistencies." Tr. 28. Plaintiff argues this was not a valid

15  reason for rejecting Mr. Carter's opinion. ECF No. 15 at 15-17.

16      As a therapist, Mr. Carter is not an "acceptable medical source" within the

17  meaning of 20 C.F.R. § 416.913(a). Instead, Mr. Carter qualifies as an "other

18  source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d 1104,

19  1111 (9th Cir. 2012). The opinion of an "acceptable medical source" is given more

20  weight than that of an "other source." SSR 06-03p, 2006 WL 2329939 at *2; 20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
14

C.F.R. § 416.927(a). The ALJ need only provide "germane reasons" for

disregarding Mr. Carter's opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is

required to "consider observations by nonmedical sources as to how an impairment

affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th

Cir. 1987).

  The ALJ appears to cite two "internal inconsistencies" as reasons for

discrediting Mr. Carter's opinion. First, the ALJ refers to an alleged inconsistency

between Mr. Carter's statements that Plaintiff could "complete tasks and do routine

work" while in prison, and his opinion that Plaintiff had a marked limitation in his

ability to respond appropriately to and tolerate the pressures and expectations of a

normal workday. Tr. 28. Second, the ALJ refers to an inconsistency between the

same finding of marked limitation in Plaintiff's ability to respond to a normal

workday, and the Plaintiff's cooperation and compliance with treatment and

medication. *Id*.

  These alleged "internal inconsistencies" within Mr. Carter's opinion do not,

standing alone, satisfy the ALJ's burden to provide "germane reasons" for

rejecting Mr. Carter's opinion. *See e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149

(9th Cir. 2001)(an opinion may be rejected if based on a claimant's subjective

complaints which were properly discounted); *Lewis v. Apfel*, 236 F.3d 503, 511

(9th Cir. 2001)(an ALJ may discount lay testimony if it conflicts with medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
15

1    evidence). Plaintiff's ability to perform routine jobs in an "in house" prison setting

2    does not mean he can handle the pressures of a normal workday outside of prison.

3    Plaintiff himself testified that he tried six or seven different jobs while in prison,

4    but was only able to stay in each job for a limited period of time due to his

5    impairments. Tr. 53-54. Moreover, as argued by the Plaintiff, "he could be

6    completely cooperative with treatment and medication, yet still be markedly

7    limited in his ability to handle work pressures." ECF No. 15 at 16. The ALJ did not

8    adequately justify his rejection of Mr. Carter's opinion.

9        In this case, the ALJ improperly rejected the opinions of Dr. Cross, Dr.

10   Anderson, and Mr. Carter, without providing specific and legitimate reasons

11   supported by substantial evidence. As a result, remand is required for proper

12   analysis of these opinions.

13   **B. Adverse Credibility Determination**

14       In social security proceedings, a claimant must prove the existence of

15   physical or mental impairment with "medical evidence consisting of signs,

16   symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

17   statements about his or her symptoms alone will not suffice. *Id*. Once an

18   impairment has been proven to exist, the claimant need not offer further medical

19   evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

20   *Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
16

1   "could reasonably be expected to produce [the] symptoms," the claimant may offer

2   a subjective evaluation as to the severity of the impairment. *Id.* This rule

3   recognizes that the severity of a claimant's symptoms "cannot be objectively

4   verified or measured." *Id.* at 347 (quotation and citation omitted).

5       If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

6   must make a credibility determination with findings sufficiently specific to permit

7   [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

8   testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

9   determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

10  truthfulness; (2) inconsistencies in the claimant's testimony or between his

11  testimony and his conduct; (3) the claimant's daily living activities; (4) the

12  claimant's work record; and (5) testimony from physicians or third parties

13  concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent

14  any evidence of malingering, the ALJ's reasons for discrediting the claimant's

15  testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

16  661, 672 (9th Cir.2012) (quotation and citation omitted).

17      There has been no suggestion of malingering on the part of the Plaintiff in

18  this case.  Plaintiff contends that the ALJ failed to provide clear and convincing

19  reasons for discrediting his own subjective complaints. ECF No. 15 at 17–18. The

20  ALJ found that "[o]verall, the limitations reported by the claimant are inconsistent

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
17

with the claimant's testimony, activities of daily living, and objective findings in the record." Tr. 25. First, the ALJ found the Plaintiff's claims that he was unable to concentrate or complete tasks were inconsistent with objective findings in the record. *Id*. Subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, however, medical evidence is a relevant factor in determining the severity of a claimant's disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). In support of his finding, the ALJ cited one mental status examination with Dr. Roland Dougherty during which the Plaintiff completed concentration, attention, spelling, and math tests "accurately and easily." Tr. 25 (citing Tr. 362). The court finds that, while properly considered by the ALJ, this singular citation indicating an ability by Plaintiff to concentrate and complete certain "sub-tests" does not rise to the level of substantial evidence supporting a clear and convincing reason to discount the Plaintiff's testimony as to limitations to his ability to work on a regular and continuing basis.

Additionally, the ALJ concluded that the Plaintiff's daily activities were inconsistent with his claimed limitations, and therefore undermined his credibility. Tr. 25. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, it is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id*.; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability.") Thus, Plaintiff's daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial portion of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn*, 495 F.3d at 639.

In this case, the ALJ found Plaintiff was independent in self-care, household chores, home repairs, shopping, bill paying and driving. Tr. 25.  Plaintiff reported he could go out on his own on a daily basis, take medications without reminders, and care for household pets. *Id*. The ALJ also relied on statements by Plaintiff's domestic partner, David Wells, indicating that despite his claim of impaired concentration, Plaintiff read about an hour a day and wrote poetry. Tr. 25, 50, 198. Finally, the ALJ cited a report by Plaintiff that he was in the process of buying a home and concluded that "the ability to engage in such a complex transaction is also inconsistent with [Plaintiff's] allegations of disabling mental impairments. Tr. 25 (citing Tr. 435). Overall, the ALJ concluded that these "numerous activities are inconsistent with a high degree of functioning." Tr. 25.

The court finds the ALJ failed to make specific findings as to how Plaintiff's daily activities contradict his testimony.  Most glaringly, the ALJ erred in failing to specifically address Plaintiff's testimony that he has difficulty dealing with people

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

and interacting appropriately with authority figures. Tr. 52-53, 55.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir.2001). Here, the ALJ made no specific findings as to Plaintiff's testimony regarding his alleged interpersonal limitations, which cannot be considered harmless particularly in light of the following testimony from the vocational expert:

> ALJ: You also had a chance to listen to the claimant's testimony about his mental health issues. Would a person with the limitations he described be able to maintain employment and sustain employment in a competitive atmosphere eight hours a day, five days a week for a 40 hour work schedule?

> VE: Well I think it would be difficult given the interpersonal problems that [Plaintiff] reports; you know, problems getting along, arguing…. I think the interpersonal challenges would probably play out in such a way that he would have some kind of conflict that would result in difficulty retaining particular jobs, and probably having a series of relatively short term jobs.

Tr. 69-70. In addition, the ALJ failed to make specific findings that any of Plaintiff's activities meet the standard for transferable work skills. For all of these reasons, the ALJ's conclusion that Plaintiff's daily activities undermine his credibility is not supported by the record.

The court finds the ALJ's reasons for making an adverse credibility finding in this case were not specific, clear and convincing. On remand, the ALJ must make a proper determination of credibility supported by substantial evidence.

**C. RFC**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    A claimant's RFC is what the claimant can still do despite his limitations.

2    *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996)(citing 20 C.F.R. §

3    404.1545(a)). Plaintiff argues that the ALJ gave great weight to the opinion of Dr.

4    Patricia Kraft, yet he failed to include all of her moderate limitations in the RFC.

5    ECF No. 15 at 19. Dr. Kraft found moderate limitations in Plaintiff's ability to:

6    maintain attention and concentration for extended periods; work in coordination

7    with or proximity to others without being distracted by them; *complete a normal*

8    *workday and workweek without interruptions from psychologically based*

9    *symptoms* and to perform at a consistent pace without an unreasonable number of

10   rest periods; interact appropriately with the general public; get along with

11   coworkers or peers without distracting them or exhibiting behavioral extremes;

12   respond appropriately to changes in the work setting. Tr. 413-15 (emphasis added).

13       The ALJ's assessment of Plaintiff's RFC did include most of the limitations

14   identified by Dr. Kraft in the RFC, with the glaring exception of a moderate

15   limitation in the ability to complete a normal workday and workweek without

16   interruptions from psychologically based symptoms.  Tr. 24. Any error regarding

17   the limitations the ALJ included in the RFC would be harmless because the RFC

18   would adequately capture Plaintiff's moderate limitations. *See Stubbs-Danielson v.*

19   *Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)(an ALJ's assessment of a claimant

20   adequately captures restrictions related to concentration, persistence or pace where

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
21

the assessment is consistent with restrictions identified in medical testimony).

However, the ALJ failed to include any limitation in the RFC as to interruptions in

the workweek or workday from psychologically based symptoms, and thus any

error in omitting this limitation cannot be considered harmless. This is particularly

true in light of testimony from the vocational expert that

> those limitations – well particularly the one involving moderate limitation completing a normal day or work week, maintaining a regular pace without unreasonable numbers or lengths of rest periods, would result in some fairly unacceptable problems with keeping on task, getting the required amount of productivity completed. That probably is [sic] conjunction with moderate limitation in attention and concentration. So I think that those issues in particular would make it not possible for a worker to sustain competitive employment.

Tr. 72.

In addition to Dr. Kraft's opinion, as determined above, the ALJ erred in this

case by failing to provide a proper rationale for rejecting the opinions of treating

and examining medical professionals Dr. Cross, Dr. Anderson, and Mr. Carter. On

remand the ALJ should reassess the RFC and, if necessary, reconsider the

hypothetical posed by the ALJ to ensure it properly included all of Plaintiff's

psychological limitations supported by substantial evidence. *See Osenbrook v.

Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001)("[a]n ALJ is free to accept or reject

restrictions in a hypothetical question that are not supported by substantial

evidence.")

## CONCLUSION

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
22

The ALJ's decision was not supported by substantial evidence and free of legal error. Remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.,* 923 F.Supp. 1273, 1276 n. 2 (C.D.Cal.1996)(citations omitted). On remand, the ALJ is directed to reevaluate the opinions of Dr. Cross, Dr. Anderson, and Mr. Carter, and provide legally sufficient reasons for rejecting these opinions supported by the requisite evidence.  Additionally, on remand the ALJ will reconsider the credibility finding, and provide valid reasons supported by substantial evidence. If necessary, the ALJ will make a new RFC determination. The court expresses no opinion as to the outcome of the ultimate disability determination on remand.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

**DATED** January 29th, 2014.

s/Fred Van Sickle__
Fred Van Sickle
Senior United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
24